IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARTAVIS D. PENDLETON, #247017, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:20-CV-488-ECM |
| ) | (WO) |
| RAY MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Artavis D. Pendleton, a state inmate currently incarcerated at the Donaldson Correctional Facility, recently filed this 42 U.S.C. § 1983 action in which he challenges actions relative to a murder conviction imposed upon him by the Circuit Court of Tallapoosa County, Alabama. Doc. 1 at 2–3.

Pendleton, however, did not sign his application for leave to proceed *in forma pauperis* submitted with the complaint "nor did he submit the requisite documentation from the inmate account clerk at Donaldson showing his average monthly balance and average deposits to his inmate account over the last six months. Thus, the pleadings filed by the plaintiff fail[ed] to provide the court with all the information necessary for a determination of whether the plaintiff should be allowed to proceed without prepayment of a filing fee in this cause of action." Doc. 3 at 1. The court therefore directed the Clerk to return the signature page of the *in forma pauperis* application to Pendleton and required Pendleton to "file [this] page of the *in forma pauperis* application **and** a prison account statement from the inmate account clerk at Donaldson showing the average monthly balance in his prison

account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months." Doc. 3 at 1–2 (emphasis in original). The order further "cautioned [Pendleton] that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed for such failure." Doc. 3 at 2. His time for filing the documents in response to this order expired on August 5, 2020. Doc. 3 at 1.

As of the present date, Pendleton has failed to file the requisite financial information within the time prescribed by the court. Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Pendleton's failure to file necessary financial information as ordered by this court.

On or before **September 16, 2020** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of September, 2020.

                                                        /s/ Stephen M. Doyle  
                                                    UNITED STATES MAGISTRATE JUDGE